**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GARY EUGENE COX,
*Defendant-Appellant.*

No. 00-4858

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

THOMAS LEE ASHBY, JR.,
*Defendant-Appellant.*

No. 01-4002

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-146)

Submitted: November 30, 2001

Decided: January 16, 2002

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

No. 00-4858 affirmed and No. 01-4002 vacated and remanded by
unpublished per curiam opinion.

**COUNSEL**

John F. McGarvey, Richmond, Virginia; Samuel P. Simpson, V, MONTGOMERY & SIMPSON, Richmond, Virginia, for Appellants. Kenneth E. Melson, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Thomas L. Ashby, Jr., was convicted by a jury of conspiracy to possess with intent to distribute and to distribute an unspecified quantity of cocaine base (crack) between 1994 and 2000 in violation of 21 U.S.C. § 846 (1994) (Count One), and was sentenced to a term of 324 months imprisonment. Gary Eugene Cox was convicted in the same trial of distributing crack on September 1, 1999 (Count Fifteen), and received a sentence of thirty-seven months.[1] Cox and Ashby appeal their sentences. For the reasons explained below, we affirm Cox's sentence but vacate Ashby's sentence and remand for resentencing.

The government's evidence showed that Ashby and his son, Thomas Ward, co-owned an auto repair shop, A & W Complete Auto Repair ("A&W"), which operated first on Gilmer Street and after 1997 on Brook Road in Richmond, Virginia. Ward employed a number of individuals who sold crack for him at the shop at both locations. He also supplied crack to Ashby, who sometimes paid his employees partially in crack, and used crack to buy stolen merchan-

---

[1]Ashby was acquitted of Count Eleven, which charged that he distributed crack on September 23, 1999. Cox was acquitted of Count One (conspiracy) and Count Fourteen, which charged that he distributed crack on July 28, 1999.

dise. Ashby collected "yard fees" from individuals who sold drugs for Ward in the lot next to his shop at both its locations. Two women who sold crack for Ward at the shop on Gilmer Street also received crack from Ashby in return for oral sex. Cox worked for Ashby in the shop, obtained crack from Ward, and sold crack at the shop. On September 1, 1999, Cox exchanged crack for stolen property supplied by a confidential informant acting under the direction of law enforcement authorities.

After Ashby and Cox were charged but before they were tried, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In an effort to comply with *Apprendi*, the government submitted a special verdict form asking the jury to decide whether each charged offense involved more than fifty grams of crack or a lesser amount. The jury determined that Count One, the conspiracy charge, involved more than fifty grams of crack. At his sentencing, Ashby argued unsuccessfully that, because drug quantity was not charged in the indictment, the maximum penalty permissible for his offense was twenty years.

This court has since applied *Apprendi* to drug offenses and held that the specific drug quantities that trigger enhanced statutory maximum sentences under § 841(b)(1)(A) and (B) "must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). Further, we have held that, when a specific threshold drug quantity is not charged in the indictment and a sentence of more than twenty years—the statutory maximum term under 21 U.S.C.A. § 841(b)(1)(C)—is imposed, the error is jurisdictional in nature, "seriously affects the fairness, integrity or public reputation of judicial proceedings," and should be noticed by the appeals court. *United States v. Cotton*, 261 F.3d 397, 405-06 (4th Cir. 2001), *petition for cert. filed*, Oct. 31, 2001 (No. 01-687). Here, the government concedes that Ashby's 324-month sentence constitutes plain error under *Apprendi*. Accordingly, we vacate

his sentence and remand for resentencing to a term not to exceed twenty years imprisonment.[2]

Cox contests the district court's decision not to give him an adjustment for acceptance of responsibility. The district court's factual findings supporting a decision not to give an adjustment for acceptance of responsibility are reviewed for clear error. *United States v. Holt*, 79 F.3d 14, 17 (4th Cir. 1996). Cox argues that he accepted responsibility for distributing crack, for which he was convicted, but went to trial to contest his participation in the conspiracy, of which he was acquitted. A defendant may receive an adjustment for acceptance of responsibility even after requiring the government to prove his guilt at trial if he has gone to trial to preserve issues unrelated to factual guilt. USSG § 3E1.1, cmt. n.2. In this circumstance, the determination that the defendant has accepted responsibility is based on his pre-trial statements and conduct. *Id.* Here, Cox's attorney conceded at sentencing that Cox had not offered to plead guilty to crack distribution prior to trial. Nor did he produce any evidence of any willingness on his part to admit distributing crack until after his conviction. Consequently, the district court did not clearly err in denying Cox an adjustment for acceptance of responsibility.

We therefore affirm Cox's sentence. We vacate Ashby's sentence and remand for resentencing to a term of imprisonment not to exceed twenty years. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-4858 - *AFFIRMED*

No. 01-4002 - *VACATED AND REMANDED*

---

[2]Ashby also challenges the district court's determinations that he had a leadership role in the conspiracy and that he was responsible for more than 1.5 kilograms of crack for purposes of computing his sentencing guideline range. We find that these factual findings were supported by the evidence produced at trial.